## Williams v. Commonwealth.

(Decided January 14, 1913.)

### Appeal from Lawrence Circuit Court.

Intoxicating Liquors.—Evidence examined and held not sufficient to convict the accused of the offense of unlawfully selling liquor in local option territory.

C. F. SEE, Jr., for appellant.

JAS. GARNETT, Attorney-General; CHAS. H. MORRIS, Assistant Attorney-General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

D. O. Williams and his wife were indicted for unlawfully selling liquor in local option territory. D. O. Williams was convicted, and appeals. The only question in the case is: Does the evidence sustain the verdict?

The prosecuting witness testified that he wanted to buy some whiskey, and said: "I was directed to go up Cane Creek to, I think, the fourth house on the right-hand side of the road as you go up the creek, and I could get some whiskey. I went to the fourth or fifth house,—I think the fourth,—on the right-hand side of the road and called, and a woman came out. I asked her if I could get some whiskey and she said I could. I went with her to a small house that was near the dwelling house and got eight quarts and paid for it. I do not know who lived at the place. I never saw D. O. Williams there. I saw him once about half a mile below this place. I got whiskey at this place once before. I got it from a woman. I did not know the woman."

He further said he did not know who lived at the house and that he never had said anything to D. O. Williams about whiskey, and that the woman he got the whiskey from was not the wife of D. O. Williams; that he did not know who owned the whiskey, nor could he say that Williams got any of the money paid for the whiskey. Asked to describe the house, he said:

"The house is a log house and sits back from the road 25 or 30 feet on the right-hand side of the road. There is a barn just above the house. There are several small out-buildings near the house, one of which I got this liquor from. There was a low rail fence around the house."

The only other witness introduced in the case was the county judge, who testified that D. O. Williams lived on the right-hand side of Cane Creek, in the sixth house.

He said he lived "in a log house that sits 25 or 30 feet from the road. It has a low rail fence around it. There is a barn above the house on the same side of the road. There are several small out-buildings near the house, one what is called the warehouse." He further said that there was no other house of this description on Cane Creek.

It is probable that D. O. Williams had at or about his house the whiskey the prosecuting witness bought, but the evidence is not sufficient to convict him of the offense charged.

The judgment is reversed.